**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Finkelstein, | No. CV-21-00657-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | **NOT FOR PUBLICATION** |
| Prudential Financial Incorporated, et al., | |
| Defendants. | |

The matter before the Court is a comprehensive discovery dispute arising from Plaintiff Finkelstein's requests for production ("RFP") and requests for interrogatories ("RFI") on Defendant Prudential Financial Incorporated. (Doc. 46.) The Court has considered Plaintiff's Motion to Compel and Defendant's Motion for Protective Order. (Docs. 51, 58.) The Motion to Compel (Doc. 51) will be granted in part and denied in part, as explained below. The Motion for Protective Order (Doc. 58) is not particularly useful as a stand-alone motion, and it will be denied as moot.

1. **Timeframe for Discovery**. The parties disagree as to the relevant timeframe for Plaintiff's discovery requests. Plaintiff's RFPs define the relevant time period as "the year Plaintiff made a claim for benefits and two years subsequent to the termination of her claim." (Doc. 51-4 at 2.) Accordingly, Plaintiff seeks discovery of documents and information going back to prior when her claim was initiated in 2008. (*See* Doc. 64 at 4.) Prudential believes that it should be limited to 2018 to 2021. (Doc. 58 at 4.) To the extent not specified herein, the timeframe of discovery shall be limited to five (5) years prior to

the denial of Plaintiff Finkelstein's Long-Term Care ("LTC") claim in February 2021.

2. **Reserve Information (RFP 1, RFI 5)**. Prudential has shown that its claim reserves calculation is based on generally applied factors, rather than claim-specific information. Declaration of A. Wandji, FSA, MAAA. (Doc. 58-8.) Plaintiff's Motion to Compel a further response to Request for Production No. 1 will be denied. *See Metropolitan Life Ins. Co. v. Ogandzhanova*, No. CV-12-372-PHX-GMS, 2013 WL 1442581, at *2 (D. Ariz. Apr. 9, 2013).

3. **Personnel Files (RFP 2, RFI 9)**. Ms. Finkelstein's Request for Production No. 2 seeks "all documents relating to employee performance goals and targets for the individuals listed and believed to be involved in Plaintiff's claim . . . regardless of employment status."* The scope of this request includes individuals who work for CHCS, Inc., a third-party administrator. The Court will grant the Motion to Compel insofar as the employees listed in the Request for Production of Documents are Prudential employees. Prudential's duty to supplement its response is limited to "(1) to those specific personnel record documents related to work performance assessments and evaluations and participation in any claims handling-related incentive plan; [and] (2) of [Prudential employees] who had more than a *de minimis* participation at the decision-making level of the administration of the plaintiff's [LTC] claim." *Wood v. State Farm Mut. Auto. Ins. Co.*, No. CV-15-00525-PHX-PGR, 2016 WL 8647997, at *1 (D. Ariz. Feb. 10, 2016). This decision does not prohibit Plaintiff from issuing a document subpoena to CHCS in line with the *Wood* limitation.

4. **Compensation Plans (RFP 3, RFIs 4 and 11)**. Ms. Finkelstein seeks the "Compensation Plan criteria applicable to the claim department that investigated, evaluated, or otherwise handled [her] claim." Prudential asserts that this information has been disclosed in the Master Services Agreement ("MSA") between itself and CHCS, Inc.

---

* At oral argument, Plaintiff's counsel informed the Court that she was also seeking Plaintiff's Special Investigation Unit ("SIU") file. This issue was not fully briefed. (*See* Doc. 64 at 10.) To the extent that the SIU file is not included in the personnel file as described herein, Plaintiff's Motion to Compel the SIU file is denied without prejudice to refile.

(Doc. 58 at 18.) Also, at oral argument, Plaintiff stated that she viewed the compensation plans through the Securities and Exchange Commission's website. Plaintiff's Motion to Compel a further response to Request for Production No. 3 is denied.

5. **Master Services Agreement ("MSA") (RFP 3)**. Plaintiff contends that Prudential has only produced "the first step" in the MSA and did not provide the exhibits. Plaintiff does not state with specificity what is missing from the MSA production beyond generally identifying "critical reports and documents referenced in the MSA." (Doc. 64 at 6.) Defendant responds that it has produced the entire MSA with CHCS, Inc. (Doc. 58 at 18.) The Court finds that the MSA is relevant and must be produced in full. To the extent that any part of the MSA has not been produced, including any attachments, exhibits, and the like, those documents must be produced to Ms. Finkelstein. Plaintiff's Motion to Compel is granted in this respect.

6. **Training Manuals (RFPs 4, 5 and 6, RFIs 3, 12 and 13)**. Plaintiff seeks documents relating to policies, training materials, quality assurance manuals, and documents governing business relationships. Prudential states that it produced the claims manual that has been operative since 2015. Plaintiff seeks the pre-2015 claims manual. The Court finds that Plaintiff has failed to satisfy her burden to show that these materials are relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(c). Therefore, Plaintiff's Motion to Compel further responses to Requests for Production Nos. 4, 5, and 6 are denied.

7. **Dr. Nye's Reports (RFPs 7 and 10)**. Prudential's decision denying Ms. Finkelstein's LTC claim relied on an evaluation prepared by Dr. Nye. Request for Production Nos. 7 and 10 seek "any prior affidavit, declaration, deposition, or transcribed trial testimony" for any individuals listed, including Dr. Nye, as well as "all documents reflecting [his] opinions or reports on any LTC claim." Plaintiff's objective is to obtain evidence of Dr. Nye's bias. (Doc. 64 at 13–14.) On the issues of relevance and bias of physician reports, the parties have cited the same cases from this District but urge this Court that they support their diametrically opposed viewpoints. (*Compare* Docs. 58 at 10 *with* 64

at 14.) Under these circumstances, the Court finds the resolution in *Cheatwood v. Christian Brothers Services*, No. 2:16-CV-2946-HRH, 2018 WL 287389, at *2 (D. Ariz. Jan. 4, 2018), instructive. The facts and circumstances of each LTC review are different from Ms. Finkelstein's case, rendering the other reports' relevancy questionable here. To that point, the Court has concerns that moving forward with this discovery category will invariably lead to mini trials on the other Nye opinions, which can occur in dispositive motion briefing, at the motion *in limine* stage, or at trial. Accordingly, Plaintiff's Motion to Compel Dr. Nye's reports is denied.

8. **Business Audits (RFP 8, RFI 1)**. Plaintiff's Request for Production No. 8 asks for "all documents, including but not limited to financial audits, during the relevant time period, relating to the insurance policy." Plaintiff argues that this request is directly relevant to her claims and burden of proof. (Doc. 64 at 15.) Defendant characterizes this request as irrelevant and impermissible. (Doc. 58 at 11.) Plaintiff has failed to rationalize this discovery category beyond speculation and does not explain how it is proportional to the needs of this case. Accordingly, Plaintiff's request as to Prudential's business audits is denied.

9. **Forensic Computer Audit (RFP 11)**. Contending that some information concerning her claim is missing from the production set, Plaintiff, pursuant to Rule 34(a)(1) of the Federal Rules of Civil Procedure, seeks limited access to Prudential's claims handling computer system. Prudential avows that all the information in Plaintiff's claim file has been produced. (Doc. 58-2.) To obtain access to an opponent's computer systems, a party must show "specific, concrete evidence of concealment or destruction of evidence." *Advante Int'l Corp. v. Mintel Learning Technology*, No. C 05-01022 JW, 2006 WL 1806151, at *2 (N.D. Cal. June 29, 2006). Plaintiff has failed to make this showing. The Motion to Compel access to Prudential's claim processing software is denied.

Accordingly,

**IT IS ORDERED** that:

///

1. The Joint Motion for Discovery Dispute (Doc. 46) is resolved as stated in this Order.

2. The Motion to Compel (Doc. 51) is granted in part and denied in part as stated herein. To the extent that this discovery dispute is resolved against Prudential, it must supplement its discovery responses no later than 14 calendar days from the date of this Order.

3. The Motion for Protective Order (Doc. 58) is denied as moot.

4. Insofar as any item in the Motion to Compel has not been addressed in this Order, it is denied.

Dated this 1st day of March, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge